# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

Catherine Erdman,

    Plaintiff,

                             Case No. 16-cv-786

    v.

City of Madison,

    Defendant.

# COMPLAINT

## I.    NATURE OF ACTION

101.   This is a civil action brought by the Plaintiff in order to obtain redress for the violation of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, § 2000e, *et seq.*, which occurred when the Defendant City of Madison denied her employment as a firefighter because she failed a physical test that had a disparate impact on females and was not a business necessity.

## II.      JURISDICTION AND VENUE

### A.      Jurisdiction

201.    Jurisdiction over the Plaintiff' claims under Title VII of the Civil Rights Act of 1964 is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3).

### B.      Venue

202.    The Western District of Wisconsin is the proper venue for this action because it is a judicial district in the state in which the unlawful employment practice is alleged to have been committed within the meaning of 42 U.S.C. § 2000e-5(f)(3).

## III.    PARTIES

### A.      Plaintiff

301.    The Plaintiff Catherine Erdman is a citizen of the United States with the capacity to sue and be sued in this Court. She is a female.

### B.      Defendant

302.    The Defendant City of Madison is a Wisconsin municipality with the capacity to sue and be sued in this Court. It is an employer within the meaning of Title VII.

## IV.     ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    The City of Madison operates a fire department which employs approximately 365 firefighters.

402.    Every two or three years, the Madison Fire Department engages in a recruitment and selection process to fill vacancies.

403.    Plaintiff Catherine Erdman participated in the City of Madison 2014 hiring process for the position of Firefighter.

404.    Ms. Erdman, who is an experienced firefighter, and was then and currently employed as such with the City of Janesville, passed the written examination administered to all qualified applicants.

405.    On March 18, 2014, Ms. Erdman took the Physical Agility Test (PAT) but did not pass.

406.    As a result of failing the PAT, Ms. Erdman was eliminated from further consideration for the Firefighter position.

407.    The PAT has a statistically significant adverse impact on female applicants inasmuch as it disqualifies females from further consideration for the firefighter position at a higher rate than it disqualifies male applicants.

408.    The PAT is not a business necessity because there are other tests that perform the same function but do not have as severe a disparate impact on female applicants.

3

## V.   BASES OF LIABILITY

### A.   Title VII.

501.   The Defendant City violated Ms. Erdman's right to be free from discrimination in hiring on the basis of sex secured to her by Title VII of the Civil Rights Act of 1964 when she was eliminated from consideration for the position of firefighter because of failing to pass a physical test that had a disparate impact on female applicants and which was not a business necessity.

## VI.   DAMAGES AND EQUITY

### A.   Compensatory Damages.

601.   Ms. Erdman has sustained lost wages and benefits, mental and emotional distress, damage to her reputation and lost future earning capacity as a result of the Defendant's unlawful conduct, for which she seeks an award of compensatory damages.

### B.   Equity.

602.   For some of her injuries the Plaintiff may have no plain, adequate, or speedy remedy at law and she thus invokes this Court's equitable jurisdiction to award such injunctive and declaratory relief as may be necessary and appropriate to make her whole.

## VII.   CONDITIONS PRECEDENT

701.    All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.   REQUEST FOR JURY TRIAL

801.    The Plaintiff requests a trial by jury of all claims triable of right to a jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court to grant a judgment against the Defendant awarding the full amount of her damages together with interest, costs and attorney's fees and such other and further relief as the Court deems just.

Dated this Tuesday, November 29, 2016.

Respectfully submitted,

Catherine Erdman,

Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200

Madison, WI 53703
Phone          608/283-6001
Fax            608/283-0945
Email:         jsolson@scofflaw.com

/s/ Jeff Scott Olson

_____

Jeff Scott Olson
ATTORNEY FOR PLAINTIFF